23913. GREER et al. v. CITY OF ATLANTA.

Submitted February 14, 1967—Decided February 23, 1967.

*Robert L. Mitchell,* for appellants.
*John E. Dougherty,* for appellee.

Duckworth, Chief Justice. This case is a vivid demonstration of the fallacy in the unstudied, reckless and irresponsible blind advocacy of "home rule." The lessons of experience teach that orderly government demands stability with vested authority and responsibility, to insure sound fiscal policy as well as competent and dependable employees in all departments, and more particularly those departments responsible for the adequate protection of the public against fire and crime. To insure

sound fiscal policy the city charter holds the governing authorities to the expenditure of only such funds as they appropriate to a given department and subjects them to personal liability in the event they exceed it. Ga. L. 1937, pp. 1502, 1513. No person could doubt the wisdom of this charter requirement, yet if permitted under the guise of "home rule" as here attempted, to fix salaries, re-instate discharged employees who abandoned their posts of duty, thus imperiling the entire city, and then commit to arbitration what compensation they shall receive, all control of government in these areas is stricken down.

We might well, at the outset, dispose of *Green v. City of Atlanta*, 162 Ga. 641 (135 SE 84), with the factual situation there as stated at page 647, noting that there are two kinds of referendum: "One, in which the legislation has been approved by the legislative body, the only question submitted to a popular vote being whether or not such legislation shall be vitalized; that is, whether it is to become effective and put into operation. The other is where the legislation is submitted in all its bearings and details for approval to a popular vote without legislative approval. Section 1 of the ordinance falls within the first classification; at least we assume that fact from the pleadings and the evidence." This clearly renders that decision inapplicable here where the legislation is to be submitted for approval to a popular vote without council approval.

We look rather to *McElroy v. Hartsfield*, 185 Ga. 264 (194 SE 737), where the factual situation is analogous to the instant case. The crux of that decision is stated at page 265 as follows: "As we view the case, it is only necessary to deal with one ground of the general demurrer which we are of the opinion was a sufficient reason for the dismissal of the case. That ground is that the 'ordinance' fixing the pay of firemen of the City of Atlanta 'is not such an ordinance as may be adopted under the initiative provisions of the charter of the City of Atlanta.' " Many solid reasons were set forth in that opinion, why such an ordinance by a vote of the people was intolerable. If the sky is the limit on law that can be adopted by such method they could abolish all taxes, appropriate unlimited amounts, and the responsible governing officers of the city could do nothing. We

not only follow the *McElroy* case as a precedent but add our voice of strong approval thereof. We observe that only chaos could be expected if the city laws are all adopted in this manner. The law here sought to be adopted embraces three separate subjects: (1) increase in firemen's salaries; (2) re-instatement of firemen who were dismissed when they deserted their posts of duty and refused to return even though their absence endangered the lives and property in the city; and (3) that the city be required to deal with its employees through binding arbitration. The voter would have been required to vote for all or none.

For the foregoing reasons we hold that the charter did not provide for initiative and referendum with respect to such issues which is the subject matter of the instant case. The lower court did not err in sustaining the general demurrer and in dismissing the petition for mandamus.

*Judgment affirmed. All the Justices concur.*